UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **MARVIN DOUGLAS**<br>    LA. DOC #99760<br>VS. | **CIVIL ACTION NO. 5:14-cv-1086**<br><br>**SECTION P**<br><br>**JUDGE S. MAURICE HICKS** |
| **WARDEN JERRY GOODWIN** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Marvin Douglas, an inmate in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on June 2, 2014. Petitioner attacks his 1982 conviction for aggravated rape and the life sentence imposed by the Thirty-Ninth Judicial District Court, Red River Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

*Statement of the Case*

On or about September 16, 1982, petitioner was convicted of aggravated rape. The mandatory sentence of life without parole was imposed. On October 24, 1983, his conviction and sentence were affirmed on direct appeal to the Louisiana Second Circuit Court of Appeal. *State of Louisiana v. Robert C. Broadway and Marvin Ray Douglas*, 440 So.2d 828 (La. App. 2 Cir.

10/24/1983). He did not seek further direct review in the Louisiana Supreme Court.[1]

On some unspecified date he unsuccessfully sought post-conviction relief in the Thirty-Ninth Judicial District Court. On April 17, 2014, his application for writs was denied by the Louisiana Supreme Court on the grounds that his application for post-conviction relief was time-barred by the provisions of La. C.Cr.P. art. 930.8. *State of Louisiana ex rel. Marvin Douglas v. State of Louisiana*, 2013-2148 (La. 4/17/2014), — So.3d —, 2014 WL 1623158.[2]

He filed the instant petition on June 2, 2014. He argues two claims – (1) He received ineffective assistance of counsel when he prepared his post-conviction challenge to the effectiveness of trial counsel and, (2) the life sentence is excessive and disproportional. According to petitioner, "... had the district court appointed counsel to assist the petitioner with preparing his very first post conviction application that raised the claim of ineffective counsel, he could have urged trial counsel's failure to file a motion to quash the confession for failure of the investigating detectives to follow the language of *Miranda v. Arizona*, and for trial counsel's failure to question the fairness of the imposed sentence of life without parole for rape of a female

---

[1] Petitioner failed to provide any facts concerning his direct appeal as required by the form petition supplied to state prisoners seeking *habeas* relief pursuant to Section 2254. [See Doc. 1, ¶6] However, a review of the presumptively reliable published jurisprudence of the State of Louisiana reveals no Supreme Court judgments referencing the Second Circuit's judgment, thus confirming that petitioner did not seek further direct review following the Second Circuit's judgment which affirmed his conviction and sentence.

[2] Petitioner also failed to provide all of the facts concerning the collateral attack of his conviction as required by the form petition. He did not allege the date of filing, or the grounds raised therein. Further, he did not allege whether or not he filed more than one collateral attack on his conviction and sentence [Doc. 1, ¶7] He does, however allege that his application was reviewed by the Louisiana Supreme Court. [Doc. 1, ¶7(b)(ix)] According to the presumptively reliable published jurisprudence of the State of Louisiana, the only post-conviction writ denial involving this petitioner is the Supreme Court's April 2014 judgment noted above.

over 12 years old..."

### *Law and Analysis*

### *1. Limitations*

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *In Re Smith,* 142 F.3d 832, 834, citing *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[3]

---

[3] Petitioner has not alleged, nor do the exhibits suggest, the existence of any State created impediments to filing. Further, the pleadings and exhibits do not suggest the existence of newly discovered facts.

Petitioner implies that limitations should be reckoned as provided in Section 2244(d)(1)(C), the date upon which a Constitutional right has been recognized by the Supreme Court and made retroactive to cases on collateral review. In support of this claim he cites *Martinez v. Arizona*, — U.S. —, 132 S.Ct. 1309, 182 L.Ed.2d 272 (March 20, 2012). See Doc. 1, ¶4. *Martinez, supra* and its progeny (see for example, *Trevino v. Thaler*, — U.S. —, 133 S.Ct. 1911 (2013)) recognized that ineffective assistance of counsel at the initial-review collateral attack stage may constitute "cause" to excuse a *habeas* petitioner's procedural default; however, it appears that this line of cases does not apply to the AEDPA's statute of limitations and cannot be invoked to establish eligibility for equitable tolling. *Compare Arthur v. Thomas*, 739 F.3d 611, 631 (11th Cir. 2014) ("Thus, we also hold that the reasoning of the *Martinez* rule does not apply to AEDPA's limitations period in § 2254 cases or any potential tolling of that period.").

In other words, it does not appear that petitioner may rely upon tolling as provided in Section 2244(d)(1)(B), (C), or (D).

However, the statutory tolling provision of 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period, as is the time between the termination of post-conviction proceedings and the filing of the federal petition. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

As noted above, petitioner appealed to the Second Circuit Court of Appeals and his conviction was affirmed on October 24, 1983. *State of Louisiana v. Robert C. Broadway and Marvin Ray Douglas*, 440 So.2d 828 (La. App. 2 Cir. 10/24/1983). He did not seek further direct review in the Louisiana Supreme Court. Pursuant to Louisiana Supreme Court Rule X, §5(a), petitioner had a period of 30 days within which to apply for further direct review in the Supreme Court. For AEDPA purposes, since he did not seek further direct review, petitioner's judgment of conviction and sentence "became final by ... the expiration of the time for seeking [direct] review" [28 U.S.C. §2244(d)(1)(A)], thirty days following October 24, 1983, or, on or about November 24, 1983. *See Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) ("Louisiana Supreme Court Rule X, § 5(a) states that an application 'to review a judgment of the court of appeal either after an appeal to that court ... or after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal.' [The] time for seeking further review of his state conviction expired when he did not within thirty days of the

4

Louisiana Court of Appeal's ... decision, challenge that decision in the state Supreme Court.")

The AEDPA, and the timeliness provision codified at § 2241(d), took effect on April 24, 1996. However, the limitation periods provided by the statute cannot be applied retroactively to bar claims by petitioners whose convictions were final prior to the effective date of AEDPA. *United States v. Flores,* 135 F.3d 1000, 1006 (5th Cir. 1998). Such petitioners are afforded a one-year grace period, or until April 24, 1997, to file an application for writ of *habeas corpus* in federal court. *Coleman v. Johnson,* 184 F.3d 398, 401 (5th Cir. 1999); *Flanagan v. Johnson,* 154 F.3d 196 (5th Cir. 1998); *Villegas v. Johnson,* 184 F.3d at 469 (5th Cir. 1999); *Flores, supra.* Petitioner did not file his federal petition until June 2, 2014, more than 17 years after the AEDPA's grace period expired.

It does not appear that petitioner can rely upon the tolling provisions of Section 2244(d)(2). As noted above, petitioner has not alleged the pendency of any post-conviction or collateral attacks in the Louisiana courts other than the application which was ultimately rejected as untimely by the Louisiana Supreme Court in April 2014. *State of Louisiana ex rel. Marvin Douglas v. State of Louisiana*, 2013-2148 (La. 4/17/2014), — So.3d —, 2014 WL 1623158. It appears that this collateral attack was filed long after the expiration of the AEDPA limitations period and therefore the filing of this collateral attack could not serve to toll limitations. Further, a federal *habeas corpus* petitioner cannot rely upon the statutory tolling provisions of §2244(d)(2) if by the time he filed the application, it was time-barred under State law. This is so because an untimely application for post-conviction relief cannot be considered "properly filed" so as to toll the running of the limitations period. *See Pace v. DiGuglielmo*, 544 U.S. 408 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005) (A petitioner's state post-conviction petition, which was

rejected by the state court as untimely under state statute of limitations, was not "properly filed," within the meaning of the statutory tolling provision of the AEDPA and thus could not toll the limitations period.)

In short, the instant petition is clearly time-barred and subject to dismissal on that basis.

*2. Equitable Tolling*

The AEDPA's one-year limitation period is subject to equitable tolling but, only in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999); see also *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). As noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Neither unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason), ignorance of the law, nor even lack of representation during the applicable filing period merits equitable tolling. See *Turner v. Johnson*, 177 F.3d 390, 291 (5th Cir.1999); see also *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (age discrimination case).

The circumstances presented herein are not extraordinary enough to qualify for equitable tolling under § 2244(d)(1). "Equitable tolling applies principally where the plaintiff is <u>actively</u>

<u>misled by the defendant</u> about the cause of action <u>or is prevented in some extraordinary way from asserting his rights</u>." *Coleman v. Johnson*, 184 F.3d 398, 402 (1999), *cert. denied,* 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996) (emphasis supplied). The pleadings do not suggest that petitioner was "actively misled" nor do they suggest that he was prevented in any way from asserting his rights.  Finally, petitioner cannot claim diligence given the fact that he allowed in excess of three decades to elapse between the date his conviction was affirmed on appeal and the date he filed the instant petition.

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE**  because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings**

or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe, Louisiana, June 25, 2014.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE